# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CINDY KENNON, as Administratrix of
the Estate of BRUCE KENNON; CINDY
KENNON, Individually, and on behalf
of all wrongful death beneficiaries of
BRUCE KENNON, deceased;**

    **Plaintiff**

v.                                            **CIVIL ACTION NO. 3:25-cv-00351-KHJ-MTP**

**CITY OF BRANDON, MISSISSIPPI;
VITALCORE HEALTH STRATEGIES, LLC;
HAYDEN LUKENS, JOHN "J.P." DRAGOO,
JABRI SELMON, and VICKI LAGO,
in their individual capacities; and
JOHN and JANE DOES NOS. 1-10;**

    **Defendants**

---

### Memorandum in Support of Plaintiff Cindy Kennon's Motion for Leave to Amend

---

**COME NOW,** Plaintiff, Cindy Kennon, as Administratrix of the Estate of Bruce Kennon; Individually; and on behalf of all wrongful death beneficiaries of Bruce Kennon, deceased (hereafter "Mrs. Kennon"), by and through counsel Josh Daniel of JOSH DANIEL LAW, PLLC, pursuant to the Federal Rules of Civil Procedure, and files this *Memorandum in Support of Plaintiff Cindy Kennon's Motion for Leave to Amend*.

### Background

Mrs. Kennon's *Original Complaint and Jury Demand* asserted claims against eleven defendants, namely (1) City of Brandon, Mississippi; (2) Rankin County, Mississippi; (3)

VitalCore Health Strategies, LLC; (4) Hayden Lukens, in his individual capacity; (5) John "J.P." Dragoo, in his individual capacity; (6) Jabri Selmon, in his individual capacity; (7) Cameron Johnson, in his individual capacity; (8) Emily Watts, in her individual capacity; (9) Brady White, in his individual capacity; (10) Tommy Hildesheim, in his individual capacity; and (11) Vicki Lago, in her individual capacity. *See* Doc. 1 (Original Complaint and Jury Demand). Former defendants Cameron Johnson, Emily Watts, Brady White, and Tommy Hildesheim were all jailers and/or correction officers at the Rankin County Detention Center and employed by former Defendant Rankin County at the time of the incidents alleged in the *Original Complaint and Jury Demand*. Said former defendants, including former defendant Rankin County, Mississippi, are hereafter collectively referred to as the "Rankin County Defendants."

On July 21, 2025, former defendants Cameron Johnson, Emily Watts, Brady White, and Tommy Hildesheim filed a *Motion for Judgment on the Pleadings Premised on Qualified Immunity*. *See* Doc. 20. On the same date, former defendant Rankin County also filed a *Motion for Judgment on the Pleadings*. *See* Doc. 21. Mrs. Kennon's counsel and the Rankin County Defendants' counsel subsequently reached an agreement to dismiss the Rankin County Defendants without prejudice. Then on August 11, 2025, this Court entered an *Agreed Order* granting the aforementioned motions for judgment on the pleadings and dismissing the Rankin County Defendants without prejudice. *See* Doc. 28.

Mrs. Kennon now seeks leave of court to file an amended complaint. A true and correct copy of Mrs. Kennon's proposed *First Amended Complaint and Jury Demand* has been filed in conjunction with this memorandum and is incorporated herein by reference. The proposed *First Amended Complaint and Jury Demand* to clarify the parties to this lawsuit by removing the

Rankin County Defendants as named defendants. Further, specific allegations and claims relating to the Rankin County Defendants have been removed from said amended complaint, while the allegations and claims asserted against the remaining defendants remain unchanged.

## Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice requires. In *Forman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L.E.2d 222, 226 (1962), the Supreme Court held, that except for certain circumstances, under Rule 15(a)(2) of the Federal Rules of Civil Procedure leave to amend a complaint must be "freely given." The Court further iterated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, by "freely given."

*Forman*, 371 U.S. at 182.

This well settled standard has been scrupulously followed by the Fifth Circuit, as well as every Circuit Court of Appeals, and is the standard that governs here:

> Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion. The court should freely give leave when justice so requires. The relevant considerations are 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.

*Young v. U.S.P.S.*, 620 Fed. Appx. 241, 245 (5th Cir. 2015) (internal citations and quotations omitted).

**Argument**

Allowing Mrs. Kennon to file the *First Amended Complaint and Jury Demand* would serve justice and promote judicial efficiency. As detailed above, the *First Amended Complaint and Jury Demand* seeks to clarify the parties to this lawsuit by deleting and/or removing certain defendants that were previously dismissed, i.e., Defendants Rankin County, Mississippi, Cameron Johnson, Emily Watts, Brady White, and Tommy Hildesheim.

There is no undue delay, bad faith, or dilatory motive by Mrs. Kennon, who simply seeks to clarify the parties to this lawsuit in light of dismissal of the Rankin County Defendants. The filing of an amended complaint would not result in any additional costs, preparation, or discovery to the remaining defendants. Therefore, no substantial or undue prejudice will result to the remaining, original defendants should Mrs. Kennon be allowed to amend her complaint.

Finally, there will be no futility resulting from the *First Amended Complaint and Jury Demand*. Said amended complaint states viable claims against the remaining defendants.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Cindy Kennon, respectfully requests this Court enter an Order granting her leave to file the *First Amended Complaint and Jury Demand*.

**RESPECTFULLY SUBMITTED,** this the 3rd day of November 2025.

By: /s/ Josh Daniel
JOSH DANIEL, MS Bar No. 104275
JOSH DANIEL LAW
398 E Main St, Ste 111
Tupelo, Mississippi 38804
Telephone: (662) 205-0701
Facsimile: (662) 500-0426
Email: josh@joshdaniellaw.com

*Attorney for Cindy Kennon*

## Certificate of Service

I hereby certify that on this date, November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record for the parties.

By: /s/ Josh Daniel
JOSH DANIEL, MS Bar No. 104275
JOSH DANIEL LAW
398 E Main St, Ste 111
Tupelo, Mississippi 38804
Telephone: (662) 205-0701
Facsimile: (662) 500-0426
Email: josh@joshdaniellaw.com
